**Ousmane SOW, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 03–41010–AG.

United States Court of Appeals, Second Circuit.

April 12, 2006.

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Marcos Daniel Jimenez, United States Attorney, Southern District of Florida, Kathleen M. Salyer, Assistant United States Attorney, on the brief, Anne R. Schultz, Chief, Appellate Division, FL, for Respondent, of counsel.

---

*The Hon. David G. Trager, United States District Judge, Eastern District of New York,

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK Circuit Judges, and Hon. DAVID G. TRAGER,* District Judge.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be GRANTED.

Ousmane Sow (A 75 939 781), a native and citizen of Guinea, requests review of the November 3, 2003 decision of the Board of Immigration Appeals ("BIA") summarily affirming the April 9, 2002, decision of Immigration Judge ("IJ") Alan Vomacka denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, decisions and records below, and issues on appeal.

Sow's claim for asylum was based on his allegation that he fears persecution, if returned to Guinea, both as a member of the Fulani ethnic group and as an active participant in a political party known as the Union for Progress and Renewal ("UPR"), which is closely affiliated with the Fulani ethnic group and opposed to Guinea's government. The IJ found that Sow's claim for asylum was time-barred. As Sow concedes, we lack jurisdiction to review that determination. *See Xiao Ji Chen v. United States DOJ*, 434 F.3d 144, 154 (2d Cir. 2006).

Finding that Sow had failed to show that he would be more likely than not to face persecution or torture if returned to Guinea, the IJ also rejected Sow's claims for withholding and CAT relief. Because Sow failed to argue his CAT claim in his peti-

sitting by designation.

tion for review, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

Where the BIA adopts and summarily affirms a decision of an IJ, we review the decision of the IJ directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, overturning those findings only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ did not make an explicit adverse credibility determination, and Sow therefore has a rebuttable presumption of credibility on appeal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ carefully considered Sow's claim that he would be subject to persecution in Guinea on the basis of his political activities. The IJ found that that was unlikely to be the case, because Sow had not been prominent or more than casually involved in political activities in the past, because he had failed to show any instance of past politically-motivated persecution or any indication that the Guinean authorities were aware of his political activities, and finally because he had failed to show that he was likely to be active in politics in the future. The IJ's findings in this respect were supported by substantial evidence and we cannot disturb them.

However, Sow's claim was based not only on the threat of retaliation for his political activities, but also on his allegations that he will be subject to persecution for his Fulani ethnicity. Although the IJ recognized that "the political divisions in the country have some connection to ethnic or tribal divisions," the IJ's decision does not explicitly address the ethnic dimension of Sow's claim. The IJ's reasoning regarding the level of Sow's prominence in and commitment to the UPR is not relevant to assessing the danger that Sow will face persecution simply because of his ethnicity.

We cannot assess that danger on the record before us. "[I]n reviewing an IJ's decision we 'ordinarily will not affirm based on evidence that may appear in the record but that was not relied on in the IJ's decision because we cannot know how the IJ would have viewed evidence she did not analyze.'" *Xiao Ji Chen,* 434 F.3d at 162 (quoting *Cao He Lin v. United States DOJ,* 428 F.3d 391, 400 (2d Cir.2005)). "To assume a hypothetical basis for the IJ's determination, even one based in the record, would usurp her role." *Cao He Lin,* 428 F.3d at 400. The failure of the IJ explicitly to address a critical element of Sow's claim requires that we remand for the narrow purpose of determining whether Sow will more likely than not face persecution by reason of his ethnicity if returned to Guinea.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, all pending motions are DENIED.